# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-261V
### Filed: February 11, 2013

```
*****************************************************
JEFFREY TOMPKINS,                              *
as personal representative of the estate of    *
William Bruce Tompkins, deceased,              *
                    Petitioner,                *       Stipulation; Interim Attorney Fees
                                               *       and Costs.
        v.                                     *
                                               *
SECRETARY OF THE DEPARTMENT                    *
OF HEALTH AND HUMAN SERVICES,                  *
                    Respondent.                *
*****************************************************
```

Stephen I. Leshner, Esq., Stephen Leshner, P.C., Phoenix, AZ for petitioner.
Lisa Watts, Esq., US Dept. of Justice, Washington, DC, for respondent.


## DECISION on INTERIM ATTORNEY FEES and COSTS[1]

**Vowell**, Special Master:

On April 28, 2010, William Tompkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. After William Tompkins died, as a result of injuries suffered in a car accident, petitioner's counsel moved to substitute Jeffrey Tompkins, in his capacity as personal representative of William's estate, as petitioner. The motion was granted on October 25, 2011.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1

On February 8, 2013, the parties filed a Stipulation of Fact Concerning Interim Attorneys' Fees and Costs ["Stipulation"]. Prior to William's death, the parties were engaged in settlement negotiations, during which petitioner provided respondent with a draft application for attorney fees and costs. Stipulation at ¶ 2. After informal discussions of the draft application, petitioner now seeks an amended amount of $19,000.00.[3] *Id.* at ¶ 5. In lieu of filing a General Order #9 Statement, petitioner's counsel represents that as of November 8, 2010, petitioner had incurred no personal litigation costs. *Id.* at ¶4.

Respondent maintains that the express language of § 15(e)(1) does not confer Special Masters with the authority to award interim attorney fees, but "elects not to raise her statutory objection at this time in response to this particular request." Stipulation at n.1. Respondent cites my decision in *Butler v. Sec'y, HHS,* noting that I considered and rejected her statutory objection in that case. *See* No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012).

I find that petitioner is entitled to an award of interim attorney fees and costs under the facts and circumstances of this case, and that the agreed upon amount is reasonable. **Accordingly, I hereby award the total of $19,000.00 issued in the form of a check payable jointly to petitioner and petitioner's attorney, Stephen I. Leshner, for interim attorney fees and costs.**

In the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Special Master

---

[3] This amount covers all attorney fees and costs incurred in this case through November 8, 2010. Stipulation at ¶ 5.

[4] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).